Mary B. LOVERING, as Executor under the Will of Charles T. Lovering, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 67–Civ. 4449.

United States District Court, S. D. New York.

Aug. 6, 1970.

Gibney, Anthony & Ferguson, New York City, for plaintiff; John C. Klett, Jr., New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, for the United States; by Alan B. Morrison, Asst. U. S. Atty.

## MEMORANDUM

CROAKE, District Judge.

This action brought by the plaintiff seeks a refund in Federal Estate Taxes in the sum of $12,963.39. The facts, as agreed upon by the parties, are not in dispute.

On June 13, 1925, prior to bringing an action for divorce in Massachusetts, Charles T. Lovering (hereinafter the "decedent") entered an agreement (hereinafter the "Original Agreement") with his wife Ellen Lyman Lovering (hereinafter his "wife").

Pursuant to the Original Agreement, decedent promised, *inter alia*, that if either party obtained a divorce, he would establish a trust of $150,000 with a guaranteed income of $9,000 per year, payable to his wife during her life, and upon her death, the principal of the trust was to be divided equally between their two daughters, Ellen Lovering Child and Ruth Lovering. In consideration of decedent's promises, his wife agreed to release all rights of dower, courtesy, and other marital rights allowed by law in her husband's property or estate.

On September 25, 1925, the same contracting parties signed a modification of the Original Agreement (hereinafter "the First Modification").[1] As modified, the Agreement no longer required decedent to set up the $150,000 trust, but instead required him to make provision in his will for at least $50,000 to be paid to each of his two daughters on his death. It also provided for certain other payments to his wife, which, presumably, she would leave to their children upon her death.

On April 26, 1926, a decree of divorce between decedent and his wife became final. On November 18, 1961 decedent died without providing in his will for payment of the $100,000 to his two daughters, as he had promised in the Agreement, as modified. His daughters thereafter brought an action in Surrogate's Court, New York County, to compel payment of the $100,000. On May 27, 1964, a judgment was rendered in their favor, and on July 23, 1964, the $100,000 was paid.

The plaintiff, decedent's executor, duly paid the Federal Estate taxes as assessed, and on March 29, 1965 filed a claim for refund of $12,963.39, alleging that the $100,000 paid to decedent's daughters should be allowed as a deduction pursuant to Section 2053(a) (3). Following the denial of the claim for refund, this action was timely commenced on November 14, 1967, and this Court has jurisdiction over it pursuant to 28 U.S.C. § 1346.

Plaintiff now moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in the form of a refund of Federal Estate Taxes in the sum of $12,963.39 and defendant cross-moves for summary judgment in its favor.

The issue in this case centers around § 2053(c) (1) (A) of the Internal Revenue Code which allows deductions for claims "founded on a promise or agreement," only to the extent that they were contracted for "an adequate and full consideration in money or money's worth." The Government contends that the only consideration received by decedent was his wife's surrender of her marital rights. Since section 2043(b) provides that the relinquishment of such rights is not adequate consideration in

---

1. There were two subsequent modifications of the Agreement, neither of which is relevant here.

money or money's worth, the deductions are not allowable.[2]

Plaintiff contends, on the other hand, that the consideration received by decedent was not his wife's relinquishment of her marital rights, but her relinquishment of her contractual rights under the Original Agreement. She concedes that the only consideration decedent received for the Original Agreement was his wife's relinquishment of her marital rights (Plaintiff's Memorandum, p. 2), and that:

> "If decedent's agreement to leave $50,000 each to his two daughters had been contained in the June 13, 1925 agreement [the Original Agreement], this case would not be before this Court. The application of the foregoing provisions of Section 2043(b) clearly would be applicable." (Memorandum p. 8.)

The plaintiff argues, however, that the surrender by decedent's wife of her rights under the Original Agreement, in exchange for decedent's new obligations pursuant to the First Modification, elevated the consideration received by decedent to "money or money's worth."

The only question presented to the Court, therefore, is one of law: whether the claims of $100,000 by decedent's daughters are deductible under § 2053 (a) (3) of the Internal Revenue Code in determining the value of decedent's taxable estate for Federal Estate Tax purposes.

In addressing this issue it is necessary to examine the actual purpose of the consideration requirement of sections 2053(c) (1) (A) and 2043(b) of the Internal Revenue Code.

Central to the purpose of these sections of the Code is the prevention of a decedent from depleting his estate taxes. Section 2053(c) (1) (A) therefore seeks to prevent the estate from becoming liable for decedent's promises without receipt by either him or the estate of adequate value in money or money's worth in exchange. As stated by the Court in Commissioner of Internal Revenue v. Bristol, 121 F.2d 129 (1st Cir. 1941) at 134:

> "To our mind, the purpose of this section in the gift tax statute and similar wording in sections of the federal estate tax law was to prevent the depletion of the transferor's or decedent's estate, unless a tax was paid on the transfer, by requiring that the transferor or decedent receive in exchange something of the same money value."

As noted previously, section 2043(b) of the Internal Revenue Code specifically provides that the relinquishment of a spouse's marital rights is not adequate consideration in money or money's worth.

It is plainly evident, when the Original Agreement and the First Modification in the instant case are viewed together rather than separately, that the net effect gives the decedent and his estate only the prior release of his spouse's marital rights which, under section 2043(b), cannot supply the requisite consideration in money or money's worth. The effect of allowing plaintiff a deduction for these claims in issue would therefore clearly run counter to the express purposes of the consideration requirements of the sections now under consideration.

In light of the clear statutory purpose of section 2053(c) and the express language of section 2043(b) of the Internal Revenue Code as outlined above, this Court denied plaintiff's motion for summary judgment in the form of a refund of Federal Estate taxes and grants defendant's cross-motion for summary judgment in its favor.

So ordered.

---

**2.** Section 2053(e) of the Internal Revenue Code specifically refers to Section 2043(b) relative to this question.